◼ In the Matter of Isaac Kramer, Deceased. Educational Institute Oholei Torah-Oholei Menachem, Appellant; Aaishatu Glover, Respondent; Lea Cohen et al., Intervenors-Respondents. [30 NYS3d 903]—

In a probate proceeding in which Educational Institute Oholei Torah-Oholei Menachem petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of Isaac Kramer, the petitioner appeals from an order of the Surrogate's Court, Kings County (López Torres, S.), dated April 15, 2014, which denied its motion for summary judgment on the petition and granted the separate cross motions of the intervenors Lea Cohen, Steven Cohen, and Jack Cohen, and the intervenors David Waldman, Michael Kreamer, Phillip Rabinowitz, Mitchell Waldman, Karen Crystal, Joel Waldman, Joan Rusden, Gerald Zacker, Ellen Friedman, David Zacher, Bonnie Rubin, Robert Kreamer, Lori Preschel, Lynn Sher, Leila Diamant, Arnold Waldman, and Harry Kreamer, deceased, by Janie Kreamer, Hannah Kreamer, and Jacob Kreamer, for summary judgment dismissing the petition.

Ordered that the order is affirmed, with one bill of costs payable to the respondent-respondent and the intervenor-respondents appearing separately and filing separate briefs.

The decedent, Isaac Kramer, died in Ontario, Canada, on February 20, 2008, when he was a domiciliary of Brooklyn. He is survived by several cousins once removed, including several of the intervenors.

On or about June 29, 2011, the petitioner, Educational Institute Oholei Torah-Oholei Menachem (hereinafter the Institute), filed a claim against the decedent's estate in the amount of $1.8 million based upon a "Pledge Card" and promissory note, both dated August 14, 2006, and signed by the decedent. On February 1, 2012, the Institute filed a petition pursuant to SCPA 1809 to determine the validity of its claim against the estate.

Thereafter, the Institute moved for summary judgment on its petition. The intervenors Lea Cohen, Steven Cohen, and Jack Cohen (hereinafter collectively the Cohen Intervenors),

and the intervenors David Waldman, Michael Kreamer, Phillip Rabinowitz, Mitchell Waldman, Karen Crystal, Joel Waldman, Joan Rusden, Gerald Zacker, Ellen Friedman, David Zacher, Bonnie Rubin, Robert Kreamer, Lori Preschel, Lynn Sher, Leila Diamant, Arnold Waldman, and Harry Kreamer, deceased, by Janie Kreamer, Hannah Kreamer, and Jacob Kreamer (hereinafter collectively the Waldman Intervenors), separately cross-moved for summary judgment dismissing the petition. The Surrogate's Court denied the Institute's motion and granted the separate cross motions.

"In New York, charitable subscriptions have been upheld generally on the theory that they constitute a unilateral offer of a donor to make a gift *in futuro* which, when accepted by the donee charity by the incurring of liability or detriment by the latter, ripens into a binding contractual obligation of the donor and enforcible against him" (*Matter of Field*, 11 Misc 2d 427, 429 [Sur Ct, Suffolk County 1958]; *see Woodmere Academy v Steinberg*, 53 AD2d 156, 160 [1976], *affd* 41 NY2d 746 [1977]). Here, on its motion for summary judgment, the Institute failed to demonstrate, prima facie, that it accepted the decedent's pledge by incurring liability in reliance upon the pledge. Moreover, on their cross motions, the Cohen Intervenors and the Waldman Intervenors made a prima facie showing of entitlement to judgment as a matter of law dismissing the petition based on the Institute's failure to accept the decedent's pledge by incurring liability in reliance upon it. In opposition, the Institute failed to raise a triable issue of fact. Accordingly, the Surrogate's Court properly denied the Institute's motion for summary judgment on the petition and properly granted the cross motions for summary judgment dismissing the petition. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.